

2010 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-2-2010

# USA v. Juan Oquendo

Precedential or Non-Precedential: Non-Precedential

Docket No. 09-2246

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2010

Recommended Citation

"USA v. Juan Oquendo" (2010). *2010 Decisions.* Paper 1218.
http://digitalcommons.law.villanova.edu/thirdcircuit_2010/1218

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2010 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 09-2246

_____

UNITED STATES OF AMERICA

v.

JUAN OQUENDO
          Appellant

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Criminal No. 1-08-cr-00363-001)
District Judge:  The Honorable William W. Caldwell

_____

Submitted Under Third Circuit LAR 34.1(a)
May 20, 2010

BEFORE: FUENTES, HARDIMAN, and NYGAARD, Circuit Judges.

(Filed: June 2, 2010)

_____

OPINION OF THE COURT

_____

NYGAARD, <u>Circuit</u> <u>Judge</u>.

Since this opinion is wholly without precedential value we write solely for the benefit of the parties, who are familiar with the factual and procedural history of this case, in order to explain why we will affirm.

While Oquendo was serving a sentence in a state prison, he sent a letter to a federal judge threatening to kill him. He pleaded guilty to threatening a United States official with intent to impede the performance of his duties in violation of 18 U.S.C. §115(a)(1)(B). The District Court sentenced him to 77 months in prison, the bottom-end of the career offender guideline range. The District Court also sentenced him to two years of supervised release and assessed him $100.

Oquendo appeals his sentence, claiming that the District Court failed to meaningfully consider relevant factors under 18 USC §3553(a). We disagree. The premise of Oquendo's argument is that the District Court must discuss, on the record, each factor enumerated in Section 3553(a). In this vein, he asserts that the District Court failed to consider his childhood abuse or his mental health issues in sentencing him. None of these issues were explicitly raised by counsel at sentencing as a basis for either a variance or a downward departure. Nonetheless, our review of the record makes it clear that his tragic history was detailed in the presentence report. Based upon the comments of the District Court at sentencing, which specifically referred to both his history and his need for mental health care, we are satisfied that the District Court knew of these facts

2

and gave appropriate, reasonable attention to them.  *United States v. Tomko*, 562 F.3d 558, 568 (3d Cir. 2009).

Similarly, Oquendo's assertions that the District Court gave cursory review to issues that were explicitly raised as bases for mitigation of the sentence also fall flat. First, we find it patently absurd to attempt to portray a letter making multiple, explicit threats of death as something less than a crime of violence.  Second, the court plainly referenced Oquendo's long criminal history, which included juvenile offenses. Nonetheless, the record makes clear that his adult criminal history, by itself, is more than sufficient to categorize Oquendo as a career offender.  Finally, Oquendo asserts that the District Court ignored his request for leniency, which was based upon the combined length of his prior sentence and a sentence within the career offender guideline range. The record reflects that the District Court considered the severity of the sentence, but found that it was justified for numerous reasons, including deterrence against a continuation of an entrenched pattern of criminal conduct.  We note that the District Court did evince some sensitivity to this issue by sentencing Oquendo to the low end of the career offender guideline range.

For all of these reasons, we will affirm the District Court's judgment of conviction and sentence.